UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN A.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Kilolo KIJAKAZI,<br><br>　　　　　　　　　Defendant. | Case No.:  22-cv-0714-AGS<br><br>**ORDER GRANTING PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF 2), BUT DISMISSING THE COMPLAINT** |

Plaintiff moves to proceed in forma pauperis. The Court concludes that plaintiff qualifies to proceed without paying the initial filing fee, but his complaint fails to state a claim for relief. So, the Court grants plaintiff's IFP motion but dismisses the complaint without prejudice.

### Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff owns a 2021 motor vehicle, but has no other assets nor cash on hand or in a bank account. (ECF 2, at 2-3.) He has no monthly income. (*Id.* at 2.) Plaintiff's normal monthly household expenses are $3,020. (*Id.* at 4.) The Court finds that plaintiff has sufficiently shown an inability to pay the filing fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

---

[1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $52. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

**28 U.S.C. § 1915(e) Screening**

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). In the Social Security context, the complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint fails to state a claim. Plaintiff's allegations meet the first and second requirements, but the complaint is silent as to the nature of his disability, the date on which he allegedly became disabled, and his disagreement with the Social Security Administration's determination. (*See* ECF 1, at 2.) While plaintiff's complaint contains some boilerplate language (*see id.*), there is not enough detail to allow the Court to determine what his specific disagreements with the Social Security Administration are. Although surviving § 1915(e) is a "low threshold," plaintiff is still required to plausibly allege that he is disabled by identifying his purported disability and suggesting why he is entitled to relief. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Lenz v. Colvin*, No. 16-cv-1755-JLS (PCL), 2016 WL 5682557, at *2 (S.D. Cal. Oct. 3, 2016) ("In social security appeals, a complaint challenging the denial of benefits 'must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security

Administration's determination and must make a showing that the plaintiff is entitled to relief.'" (citation omitted)).

### Conclusion

For the reasons set forth above, the Court grants plaintiff IFP status and waives the filing fee. But the complaint fails to state a claim and thus is dismissed without prejudice. The Clerk is directed to close the case. Plaintiff may automatically reopen the case by submitting an amended complaint by June 17, 2022.

Dated:  May 17, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge